

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-17-2004

# USA v. Franco-Sanchez

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3388

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Franco-Sanchez" (2004). *2004 Decisions.* Paper 64.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/64

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No: 02-3388

_____

UNITED STATES OF AMERICA

v.

JULIO FRANCO

Julio Franco-Sanchez,
Appellant

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 01-cr-00794)
District Judge: Dennis M. Cavanaugh

_____

Submitted Under Third Circuit LAR 34.1(a)
on September 27, 2004

Before: ROTH, BARRY and GARTH, <u>Circuit Judges</u>

(filed: December 17, 2004)

_____

OPINION

_____

**ROTH,** <u>Circuit Judge:</u>

Counsel for Julio Franco-Sanchez has filed a motion to withdraw from the case

and has submitted a brief to support this appeal pursuant to *Anders v. California*, 386 U.S.

738 (1967). Counsel argues that there are no non-frivolous issues that can be raised on appeal by France-Sanchez. Franco-Sanchez was given a copy of the motion and the brief with the notice that he could file a *pro se* brief. He elected not to do so.

Julio Franco-Sanchez is a citizen of Ecuador. He is not a legal resident of the United States. On July 5, 1988, Franco-Sanchez was convicted in the United States District Court for the Southern District of Texas for conspiring to possess a controlled substance with the intent to distribute. This offense qualifies as an aggravated felony under 8 U.S.C. § 1101(a)(43). After Franco-Sanchez served his sentence, he was deported back to Ecuador on November 2, 1991. Before boarding the plane, the INS gave Franco-Sanchez INS Form I-294. This form stated that he was not to re-enter the United States within five years and that if he returned to the country in violation of the order, he would receive a prison sentence up to two years.

Appellant returned illegally into the United States on January 7, 1997, and took up residence in Jersey City, New Jersey, where he was found and arrested by INS agents on May 23, 2001. He pled guilty to violating 8 U.S.C. §§ 1326(a) and (b)(2). On August 19, 2003, the District Court sentenced Franco-Sanchez to 41 months imprisonment, which was at the lower end of the applicable federal sentencing guidelines. Franco-Sanchez filed an appeal of this judgment of sentence.

After reviewing counsel's *Anders* brief, we conclude that this case does not raise any non-frivolous issues. Therefore, we will affirm the District Court's sentence and we

will also grant counsel's motion to withdraw.

We adhere to a twofold inquiry when analyzing *Anders* briefs. *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). This inquiry consists of the following: "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *Id.* Regarding the first issue, we find that counsel's brief is adequate. When an attorney submits an *Anders* brief, his duties are (1) to demonstrate to the court that he has thoroughly examined the record for appealable issues, and (2) to demonstrate that the issues are frivolous. *Id.* In attending to his duties "[c]ounsel need not raise and reject every possible claim." *Id.* Counsel needs only to satisfy the "conscientious examination" standard set forth in *Anders. Id.* We are satisfied that counsel has met this standard. He diligently searched the record for any potential appealable issues arising from the plea proceeding and the sentencing proceeding and supported his claims of frivolousness with citations to relevant case law. Thus, the *Anders* brief inquiry turns on our independent search of the record. *Id.*

When an *Anders* brief appears adequate on its face, our independent examination of the record is to be guided by the *Anders* brief itself. *Youla*, 241 F.3d at 301. Counsel raises three possible issues for review in his *Anders* brief: (1) whether the District Court conducted a sufficiently thorough plea hearing in order to ensure that the plea was knowing, intelligent and voluntary; (2) whether Franco-Sanchez's due process rights were

3

violated because he relied on an erroneous statement contained in INS Form I-294, which stated that he could not be imprisoned more than two years for illegal re-entry; and (3) whether the sentence was improper. On the basis of our review, we agree that all three issues are without merit, and hence frivolous.

The guilty plea was made knowingly, intelligently and voluntarily. The District Court carefully explained to Franco-Sanchez his rights and the ramifications of entering a plea of guilty. The District Court also made sure that the appellant understood the charge and the potential penalties, determined that Franco-Sanchez was satisfied with his attorney, and ascertained that the plea presented by the prosecution was correct. The record clearly supports the finding that Franco-Sanchez made a knowing, intelligent and voluntary waiver.

With respect to the erroneous INS Form I-294, we have dealt with this issue in similar circumstances and have held that the inaccuracy of the form does not violate due process. *United States v. McCalla*, 38 F.3d 675, 679 (3d Cir. 1994). While we reiterate the lamentable nature of this error, we have held that it is the criminal statute, not the language of the INS form, "which must clearly set forth the activity which constitutes a crime and the punishment authorized for committing such a crime." *Id.* There is therefore no violation of due process here.

As to sentencing, again there was no error. The applicable sentencing guideline range was calculated in the presentence report. The District Court indicated the

guideline range and how it was chosen. Franco-Sanchez was then sentenced to the minimum sentence within the range. We find no problem with the sentencing procedure used by the District Court. Any argument that the sentencing process was illegal would be frivolous.

After our independent examination of the record, we find that there are no non-frivolous issues that could be raised on appeal. Thus, we will affirm the District Court's judgement of sentence and we will grant counsel's motion to withdraw.